IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE BOAT COMPANY,<br><br>         Plaintiff,<br><br> and<br><br>THE FIXED GEAR ALLIANCE,<br><br>         Intervenor-Plaintiff,<br><br>   vs.<br><br>PENNY PRITZKER, in her official capacity as Secretary of the United States Department of Commerce, et al.,<br><br>         Defendants. | No. 3:12-cv-0250-HRH |

O R D E R

Cross-Motions for Summary Judgment re Fixed Gear Alliance's Claims

Plaintiff-intervenor moves for summary judgment.[1] This motion is opposed and defendants cross-move for summary judgment.[2] Oral argument was requested and has been heard.

---

[1]Docket No. 33.

[2]Docket No. 51.

Fixed Gear Alliance (FGA) is a nonprofit corporation comprised of vessel owners, operators, and crew who use fixed longline or pot fishing gear to fish in the Bering Sea, Aleutian Islands, and Gulf of Alaska management areas. FGA was allowed to intervene in this action,[3] which was commenced by The Boat Company to challenge a Final Rule which implemented changes to the Fishery Management Plan for the Gulf of Alaska (GOA) Groundfish Fishery. The proceedings that led to the promulgation of the Final Rule are set out in the order, which is being entered concurrently with this order, resolving The Boat Company's motion for summary judgment and defendants' cross-motion thereto and are not repeated here.

In its complaint-in-intervention, FGA alleges numerous claims that the National Marine Fishery Service (NFMS) violated the Magnuson-Stevens Act, NEPA, the Regulatory Flexibility Act (RFA), and the Administrative Procedure Act (APA).[4] FGA's claims are, however, time-barred.

"[A] party seeking judicial review of '[r]egulations promulgated by the Secretary under the [Magnuson-Stevens Act]' must do so within thirty days of their promulgation."

---

[3]Docket No. 21.

[4]FGA also appears to allege claims based on the Equal Protection and Due Process Clauses of the Constitution, the Paperwork Reduction Act, and the Northern Pacific Halibut Act. However, because FGA made no argument as to any of these claims in its motion for summary judgment, these claims are deemed abandoned. United States v. Kimble, 107 F.3d 712, 715-16 n.2 (9th Cir. 1997).

Turtle Island Restoration Network v. U.S. Dep't of Commerce, 438 F.3d 937, 943 (9th Cir. 2006) (quoting 16 U.S.C. § 1855(f)(1)). This 30-day limitation period also applies to any APA claim challenging a regulation promulgated by the Secretary pursuant to the Magnuson-Stevens Act. Sea Hawk Seafoods, Inc. v. Locke, 568 F.3d 757, 765 (9th Cir. 2009). It also applies to FGA's NEPA and RFA claims. See Turtle Island, 438 F.3d at 944 ("Turtle Island attempts to gloss over its statute of limitations problem by assiduously avoiding citation to the Magnuson Act and instead alleging claims under various other environmental statutes. This effort to circumvent the strict time limits under the Magnuson Act is to no avail."); 5 U.S.C. § 611(a)(3)(A) ("A small entity may seek such review during the period beginning on the date of final agency action and ending one year later, except that where a provision of law requires that an action challenging a final agency action be commenced before the expiration of one year, such lesser period shall apply to an action for judicial review under this section").

The Final Rule was published on November 21, 2012. FGA filed its complaint-in-intervention on March 7, 2013,[5] after its motion to intervene, which had been filed on February 19, 2013, was granted.[6] Because FGA's complaint-in-intervention was filed after the 30-day period had elapsed on December 21, 2012, FGA's claims are time barred.

---

[5]Docket No. 22.

[6]Docket No. 12.

FGA's arguments to the contrary are unavailing. First, FGA argues that defendants waived their objection to its participation in this case by not objecting to FGA's motion to intervene. When FGA moved to intervene on February 19, 2013, the court gave any party opposing FGA's intervention until March 5, 2013 to file an objection.[7] Because defendants did not file an objection, FGA argues that defendants have waived their statute of limitations defense. However, the 30-day time limit in the Magnuson-Stevens Act "is a 'strict jurisdictional' requirement...." Sea Hawk Seafoods, 568 F.3d at 765 (quoting Turtle Island, 438 F.3d at 945). "A court's '[s]ubject-matter jurisdiction can never be waived or forfeited[.]'" Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1035 (9th Cir. 2013) (quoting Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012)). Thus, defendants could not have waived their statute of limitations defense.

Secondly, FGA argues that its complaint-in-intervention is timely because it relates back to The Boat Company's complaint, which was filed within the 30-day limitation period. FGA cites to Cummings v. United States, 704 F.2d 437, 439 (9th Cir. 1983), in which the court held that a complaint-in-intervention filed by a subrogee related back to the insured's timely-filed complaint because the subrogee was the real party in interest in the insured's subrogation suit. FGA also cites to New York v. Gutierrez, Case No. 08-CV-2503 (CPS)(RLM), 2008 WL 5000493 (E.D.N.Y. Nov. 20, 2008), a Magnuson-Stevens Act case,

---

[7]Docket No. 19.

which relied on Cummings. In Gutierrez, the intervenors cited Ross v. Patrusky, Mintz & Semel, No. 90 Civ. 1356, 1997 WL 214957 (S.D.N.Y. Apr. 29, 1997), in support of their argument. Gutierrez, 2008 WL 500493, at *13. The Guiterrez court explained that the Ross court, citing Cummings,

> reasoned that a complaint in intervention barred by a statute of limitations relates back to the date of the original complaint where (1) the proposed intervenor is the real party in interest, or there is a "community of interest" between proposed intervenor's and plaintiff's claims; (2) intervenor's motion is timely within the meaning of Rule 24; and (3) no prejudice to defendants would result.

Id.

FGA's relation back argument fails because there is no "community of interest" between FGA and The Boat Company. Rather, FGA's and The Boat Company's interests are adverse. FGA wants less monitoring by human observers, and The Boat Company wants more monitoring by human observers. Because FGA and The Boat Company have opposing views of what defendants should have done, there can be no "community of interest" between them. See Nasr v. De Leon, Case No. No. 99-56710, 2001 WL 1024041, at *1 (9th Cir. Sept. 4, 2001) ("We further agree with the district court that the Trustee's Complaint-in-Intervention did not relate back to the filing date of the original complaint because there is no identity of interests between Nasr and the Trustee, as their interests are adverse.").

In conclusion, because FGA's claims are time barred, its motion for summary judgment[8] is denied and defendants' cross-motion for summary judgment on FGA's claims[9] is granted. In addition, FGA's motion to strike[10] is denied as moot.

The clerk of court shall enter judgment dismissing FGA's complaint-in-intervention with prejudice.

DATED at Anchorage, Alaska, this <u>6th</u> day of August, 2014.

/s/ H. Russel Holland
United States District Judge

---

[8] Docket No. 33.

[9] Docket No. 51.

[10] Docket No. 99.